1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ISAIAS NUNEZ,                          )        No. SACV 12-1243 DOC (FFM)
                                       )
                 Petitioner,           )        ORDER TO SHOW CAUSE WHY
                                       )        PETITION SHOULD NOT BE
        v.                             )        DISMISSED AS TIME-BARRED
                                       )
DOMINGO URIBE, JR.,                    )
                                       )
                 Respondent.           )
_____)

        Petitioner, a prisoner in state custody proceeding *pro se*, constructively

filed[1] a Petition for Writ of Habeas Corpus ("Petition" or "Pet.") no earlier than

July 27, 2012.[2]  Petitioner challenges a 2006 conviction and sentence for second

degree murder.  (Pet. at 2.)  Petitioner alleges that he sought direct review of his

conviction with the California Supreme Court and incorrectly asserts that the

California Supreme Court denied his petition for review on July 11, 2012.  (Pet. at

¶ 3.)  A review of the California Appellate Courts website reveals that petitioner

_____

[1]     A *pro se* prisoner's relevant filings may be construed as filed on the date
they were submitted to prison authorities for mailing, under the prison "mailbox
rule" of *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).

[2]     The Court received the Petition on August 1, 2012.  However, petitioner's
signature on the Petition is dated July 27, 2012.  The Petition does not contain a
proof of service stating when it was submitted to authorities for mailing.

filed a petition for review on direct appeal with the California Supreme Court on April 25, 2006 and that the petition was denied on June 14, 2006.[3]

The website also reveals that petitioner filed a petition for writ of habeas corpus in the California Supreme Court on April 30, 2012 and that that petition was denied on July 11, 2012.[4]  This information is consistent with Exhibit D to the Petition, which is a copy of the Supreme Court's order denying the habeas petition.  Exhibits A, B, and C to the Petition demonstrate that petitioner began a round of habeas review in the state courts on March 5, 2012.

## 1.    LIMITATIONS PERIOD FOR FEDERAL HABEAS PETITIONS

The present proceedings were initiated after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  Accordingly, the AEDPA's timeliness provisions apply, including a one-year limitations period which is subject to both statutory and equitable tolling.  *See* 28 U.S.C. § 2244(d)(1).  For those prisoners whose convictions became final post-AEDPA, the one-year period starts running from the latest of four alternative dates set forth in 28 U.S.C. § 2244(d)(1)(A)-(D).  *See, e.g.*, *Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001).  Where, as here, the challenged judgment was affirmed by the state's highest court, the period of direct review ends either when the petitioner failed to file a *certiorari* petition in the United States Supreme Court and the 90-day period for doing so has expired, or when the Supreme Court has ruled on a filed petition.  *See Clay v. United States*, 537 U.S.

---

[3]      *See* http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1874581&doc_no=S142903.

[4]      *See* http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2012840&doc_no=S202187.

522, 527-32 and nn.3-4, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003); *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

In this case, petitioner does not appear to have filed a *certiorari* petition in the United States Supreme Court. (*See* Petition.) Thus, under section 2244(d)(1)(A), petitioner's conviction became final 90 days after the denial of the petition for review by the California Supreme Court. *See Clay*, 537 U.S. at 527-32 and nn.3, 4; 28 U.S.C. § 2101(d); Sup. Ct. R. 13.1. Although petitioner states that the California Supreme Court denied his petition on direct review on July 11, 2012, the California Supreme Court actually denied petitioner's petition for review on direct review on June 14, 2006. Therefore, petitioner's conviction became final on September 12, 2006. Accordingly, the one-year limitations period expired on September 12, 2007. *Patterson*, 251 F.3d at 1245-47. Because petitioner did not initiate the current proceedings until no earlier than July 27, 2012, the present action is untimely, absent statutory or equitable tolling. *See* 28 U.S.C. § 2244(d)(1); Fed. R. Civ. Proc. 6(a).

## 2.  STATUTORY TOLLING

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

The statute of limitations is not tolled between the date on which a judgment becomes final and the date on which the petitioner filed his first state collateral challenge because there is no case "pending." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). Once an application for post-conviction review commences, it is "pending" until a petitioner "complete[s] a full round of [state] collateral review." *Delhomme v. Ramirez*, 340 F.3d 817, 819 (9th Cir. 2003) (citing *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003)). "One full round" generally means that the statute of limitations is tolled while a petitioner is

1   properly pursuing post-conviction relief, from the time a California prisoner files

2   his first state habeas petition until the California Supreme Court rejects his final

3   collateral challenge. *Carey v. Saffold*, 536 U.S. 214, 219-20, 122 S. Ct. 2134, 153

4   L. Ed. 2d 260 (2002); *see also Nino*, 183 F.3d at 1006; *Delhomme*, 340 F.3d at

5   819. The period tolled includes the time between a lower court decision and the

6   filing of a new petition in a higher court, as long as the intervals between the filing

7   of those petitions are "reasonable." *Delhomme*, 340 F.3d at 819 (citing *Biggs*, 339

8   F.3d at 1048 n.1).

9          Here, petitioner does not appear to be entitled to any statutory tolling.

10  Petitioner does not allege that he filed any habeas petitions prior to the expiration

11  of the limitations period on September 12, 2007.

12  **3.      EQUITABLE TOLLING**

13         The AEDPA limitations period also may be subject to equitable tolling, if

14  the petitioner shows that extraordinary circumstances beyond the petitioner's

15  control made timely filing of a federal habeas petition impossible *and* the

16  petitioner has acted diligently in pursuing his rights. *Holland v. Florida*, __ U.S.

17  __, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010). The petitioner bears the

18  burden of showing that equitable tolling is appropriate. *Miranda v. Castro*, 292

19  F.3d 1063, 1065 (9th Cir. 2002).

20         Petitioner has not made any allegation that suggests that equitable tolling

21  may be appropriate. Petitioner has made no showing of extraordinary

22  circumstances or of diligence, therefore, petitioner has not demonstrated that he is

23  entitled to equitable tolling.

24  **4.      ORDER TO SHOW CAUSE**

25         Because the Petition does not demonstrate any basis for tolling the statute,

26  the Court orders petitioner to show cause in writing within 15 days of the date of

27  this order why the Petition should not be dismissed as time-barred. If petitioner

28  / / /

4

1  fails to provide a timely response to this order, the Court will recommend that the

2  Petition be dismissed as time-barred.

3      IT IS SO ORDERED.

4

5  DATED: August 7, 2012

6                                        /S/ FREDERICK F. MUMM
                                         FREDERICK F. MUMM
7                                        United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28